UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| **Gregory Randolph,**<br><br>                    Plaintiff,<br><br>       v.<br><br>**PowerComm Construction, Inc., et al.,**<br><br>                    Defendant. | Case No.: 8:13-cv-01696-PWG |

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION, INVALIDATION OF "OPT-OUT" FORMS, AND REQUEST FOR SANCTIONS**

Plaintiffs Gregory Randolph and Dana Brown, *et al.* ("Plaintiffs"), hereby file this Motion for Preliminary Injunction and Invalidation of "Opt-Out" Forms to enjoin Defendants PowerComm Construction, Inc. ("PowerComm") and David Kwasnik, Sr. ("Kwasnik") (collectively, "Defendants") from engaging in further coercive and misrepresentative contact with Plaintiffs.  Further, Plaintiff requests that the court invalidate those Opt-Out forms filed by Defendants on August 1, 2014, and on August 4, 2014.  In support thereof, Plaintiffs state as follows:

1.     Since Plaintiffs filed their complaint on June 12, 2013, Defendants, by and through counsel, have filed four separate Motions for Summary Judgment.  To date, the Court has denied three of Defendants' motions and a fourth remains pending before the Court.  On August 29, 2013, Defendants filed a Motion to Stay Discovery.  The Court denied Defendants' motion without a hearing.  On February 2, 2014, Defendants filed a Motion to Decertify Collective Action prior to the Court even reaching a decision as to certification.  Again, the

1

Court denied Defendants' motion without a hearing. Finally, Defendants filed a meritless ethics complaint against the undersigned.

2.      On June 19, 2014, the undersigned submitted requests for production for all employment records for all opt-in plaintiffs in this matter. On July 28, 2014, the undersigned filed Plaintiffs' Amended Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii) setting forth detailed damages calculations for all Plaintiffs in this matter. Case 8:13-cv-01696-GJH Document 86 Filed 07/28/14. Thereafter, on August 1, 2014, Defendants filed a Notice of Filing of Opt-Out Notices secured surreptitiously from the undersigned's clients without the undersigned's knowledge that purports to "opt-out" twenty-three of Defendants' present employees. After receiving the Opt-Out Notices, Plaintiff instructed his investigators to contact those individuals that allegedly desired to opt out of this litigation.

3.      The individuals with whom Plaintiffs' investigators spoke describe a pattern of coercive, prejudicial, unethical, and potentially unlawful conduct by Defendants. In some cases, Defendants explicitly threatened the Plaintiffs' jobs. In others, Defendants offered paltry sums (in some cases 1% of the wages owed) in exchange for the promise of re-hire. Perhaps most astonishing is the fact that Defendant David Kwasnik paid one Opt-In Plaintiff $1,000 in exchange of the Plaintiff agreeing to convince other plaintiffs to opt-out.

4.      None of the aforementioned communications were made in the presence of or even communicated to Plaintiffs' counsel. Instead, Defendants, after repeatedly filing unsuccessful motions for summary judgment, have apparently now resorted to coercive, misrepresentative, and unethical tactics to circumvent the legal process.

5.      On August 4, 2014, and further compounding the above described violations, Defendants filed another "Opt-Out" Notice for Shanina Washington. Plaintiffs' investigators

spoke with Washington, who in turn confirmed that PowerComm initiated a campaign to further instill a fear of retaliation amongst its employees. Washington affirmed that, "The only reason that [she] signed the opt-out form is because [she] feared for [her] job and believed that PowerComm would terminate [her] if [she] failed to comply."

      6.      Given Defendants' willful behavior and the fact that PowerComm has targeted *and will continue to target* both present and former employees, there is no reason to believe that Defendants will stop their conduct without judicial intervention. Moreover, the August 4, 2014, is indicative of the continuing nature of Defendants' prejudicial, improper, and unethical behavior. As such, Plaintiffs requests that this Court enter a preliminary injunction to prevent Defendants from communicating with Plaintiffs as it relates to the present litigation and asks that the Court invalidate the coercively obtained opt-out forms. Further, given the willfully improper nature of Defendants' conduct, Plaintiffs respectfully request that the Court, without further briefing on the matter, automatically enter liquidated damages and impose a three year statute of limitations to the extent that liability is established. Finally, Plaintiffs request that the Court conduct an evidentiary hearing to determine the scope of Defendants' and defense counsel's unethical conduct and require that Defendants produce witnesses capable of testifying to the manner in which they obtained the purported opt-out forms.

      WHEREFORE, Plaintiffs respectfully request that the Court:

    (a) Grant their Motion for Preliminary Injunction and Invalidation of the Opt-Out Forms;

    (b) Enjoin Defendants from discussing this litigation with Plaintiffs and Potential Opt-In Plaintiffs;

    (c) Invalidate the purported opt-out forms filed by Defendants on August 1, 2014,

and August 4, 2014;

(d) Enter, without further briefing on the matter and only to the extent that liability is established, liquidated damages against each Defendant as to all Plaintiffs and impose a three year statute of limitations;

(e) Hold an evidentiary hearing to determine the extent of Defendants' and defense counsels' unlawful or unethical conduct;

(f) Require that Defendants testify as to the means by which it obtained each of the purported opt-out forms;

(g) Order that Defendant remit to Plaintiff all fees and costs associated with Plaintiffs' filing the instant motion; and

(h) Order whatever other remedies the Court deems just and appropriate in light of the scope of Defendant's conduct.

A proposed order accompanies this motion.

                Gregory Randolph
                *By Counsel*

                /s/ Nicholas Woodfield
                R. Scott Oswald, D. Md. Bar No. 25391
                Nicholas Woodfield, D. Md. Bar No. 15474
                The Employment Law Group, P.C.
                888 17th Street, NW, Suite 900
                Washington, D.C. 20006
                (202) 261-2806
                (202) 261-2835 (facsimile)
                soswald@employmentlawgroup.com
                nwoodfield@employmentlawgroup.com
                *Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via first class mail or electronic mail on this the 5th day of August, 2014, to:

    Geoffrey Bohn, Esq.
    BOHN & KOURETAS, PLC P.O. Box 101685
    Arlington, Virginia 22210
    (703) 599-7076
    (703) 842-8089 (facsimile)
    bohn_kouretas_plc@yahoo.com
    Attorney for Defendant

    /s/ Nicholas Woodfied
    Nicholas Woodfield, D. Md. Bar No. 15474
    R. Scott Oswald, D. Md. Bar No. 25391
    The Employment Law Group, P.C.
    888 17th Street, NW, Suite 900
    Washington, D.C. 20006
    (202) 261-2806
    (202) 261-2835 (facsimile)
    soswald@employmentlawgroup.com
    nwoodfield@employmentlawgroup.com
    *Counsel for Plaintiffs*