**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
***Southern Division***

| | | |
|---|---|---|
| **GREGORY RANDOLPH, *et al.*** | * | |
| **Plaintiffs,** | * | |
| **v.** | * | **Case No.: GJH-13-CV-1696** |
| **POWERCOMM CONSTRUCTION, INC., *et al.*** | * | |
| | * | |
| **Defendants.** | * | |

* * * * * * * * * * * * * *

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendants' Motion for Protective Order and, Additionally, Motion for Summary Judgment as to Nonrecoverability of Liquidated Damages, ECF No. 82. A hearing is not necessary. *See* Loc. R. 105.6. For the reasons explained below, the Court will DENY Defendants' Motions.

## I. BACKGROUND

Defendant PowerComm Construction ("PowerComm") is an electrical utility construction company. *See* ECF No. 21, Ex. 1. Defendant David Kwasnik, Sr. is the President and CEO of PowerComm. *Id.* Plaintiffs are individuals who work or have worked for PowerComm as "flaggers" or traffic controllers. *See* ECF No. 50, Mem. Opinion, at 22 (explaining that opt-in plaintiffs would be similarly situated to representative plaintiffs). Plaintiffs filed their Complaint on June 12, 2013 alleging violations of the Fair Labor Standards Act ("FLSA") and the Maryland Wage and Hour Law ("MWHL") for failure to pay overtime. ECF No. 1.

Among the many issues at play in this litigation is Defendants' classification of Plaintiffs as independent contractors. Defendant David Kwasnik, during his October 2013 deposition, explained that he, with the advice of counsel, decided to classify the flaggers as independent contractors. ECF No. 83, Ex. 1 at 43–44. Notably, Mr. Kwasnik could not remember when he and his counsel discussed the issue. *Id.* at 46. After discussions regarding the parameters of the advice-of-counsel defense and related waiver of attorney-client privilege, Mr. Kwasnik further testified: "I asked him [his attorney] what's the best approach we should do? Should we make them employees or should we make them independent contractors? We vetted it very well, and looking at the law, the determination was made, and I go on what counsel, you know, advised me that we were going to make them independent contractors." *Id.* at 45. However, Mr. Kwasnik next testified that he had decided to classify the flaggers as independent contractors before speaking with counsel. *Id.* at 47. He further specified that PowerComm classified the flaggers as independent contractors because the company did not control the flaggers' schedules, did not want to send the flaggers to training, and did not pay for the flaggers' personal protective gear. ECF 84, Ex. 8 at 48–52.

Discovery originally closed on December 9, 2013. ECF No. 9. However, in March 2014, the Court conditionally certified the case as a FLSA collective action. ECF No. 50. Between March and July 2014, over sixty employees or former employees opted-in to the action. *See* ECF No. 81. In June 2014, at the request of both parties, discovery was extended to October 1, 2014. ECF No. 79.

Also in June, Plaintiffs' counsel served interrogatories on Defendants and a deposition subpoena *duces tecum* on Defendants' counsel, both requesting information related to Defendants' assertion that they relied on the advice of counsel when classifying the opt-in

plaintiffs as independent contractors. ECF No. 83, at 4–5. Defendants responded with a motion for protective order and summary judgment on the issue of liquidated damages. ECF No. 82.

## II. DISCUSSION

### a. Protective Order

Defendants request a protective order prohibiting any further discovery related to their advice-of-counsel defense. ECF No. 83 at 6. Under Fed. R. Civ. P. 26(c), "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. Pro. 26(c). The Rule "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehard*, 467 U.S. 20, 36 (1984). Nonetheless, protective orders "should be sparingly used and cautiously granted." *Baron Financial Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006) (citation and internal quotation marks omitted).

Defendants argue that the protective order is warranted here because, according to Defendants, the discovery deadline related to the advice-of-counsel defense has passed. Defendants assert that although discovery was reopened in June 2014, it was to be limited to information related to the new opt-in plaintiffs. ECF No. 83 at 3–4. As such, Defendants believe Plaintiffs have waived their right to discovery on the advice-of-counsel defense. *Id* at 7.

Plaintiffs correctly point out, however, that, regardless of what may have prompted it, the Court's extension of discovery to October 1, 2014 did not place any conditions on the scope of discovery. *See* ECF No. 79. Thus, Plaintiffs' requests related to the advice-of-counsel defense adhere to the Court's scheduling order. Further, even if the discovery extension did limit the scope of discovery to issues related to the opt-in plaintiffs, the discovery sought by the subpoena and interrogatories is relevant to why the over sixty additional opt-in plaintiffs were classified as

independent contractors. Aside from the alleged passing of the discovery deadline, Defendants do not specifically present any additional reasons for a protective order.[1] Because Plaintiffs' requests are within the discovery deadline, the requests cannot be said to cause the Defendants the annoyance, embarrassment, oppression, undue burden, or expense that would call for a protective order. Defendants' Motion for Protective Order is DENIED.

**b. Summary Judgment**

While seeking to avoid additional discovery related to the advice-of-counsel defense, Defendants have also moved for partial summary judgment, arguing that their reliance on the advice of counsel precludes liquidated damages. ECF No. 82. Summary judgment is proper only when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *Meson v. GATX Tech. Servs. Corp.*, 507 F.3d 803, 806 (4th Cir. 2007); *see also* Fed. R. Civ. P. 56(a). "When the movant seeks summary judgment on an affirmative defense, it must conclusively establish all elements of that defense." *Ray Comm., Inc. v. Clear Channel Comm., Inc.*, 673 F.3d 294, 299 (4th Cir. 2012). The evidence must be that which would entitle the defendant to a directed verdict if not controverted at trial. *Id.* If the movant fails to fulfill its burden of providing this evidence, summary judgment must be denied, "even if no opposing evidentiary matter is presented, for the non-movant is not required to rebut an insufficient showing." *Id.* at 299–300 (citation and internal quotation marks omitted).

The Fair Labor Standards Act ("FLSA") provides that an employer who violates the Act shall be liable to the affected employee in the amount of their unpaid wages and "in an additional

[1] Both parties address the issue of attorney-client privilege but do so without clearly identifying its relation to the current motion. If Defendants' objection is based on a claim of attorney-client privilege, it should file the appropriate motion pursuant to Fed. R. of Civ. P. 45(e)(2)(A). The Court has analyzed this motion as one seeking a protective order pursuant to Fed. R. of Civ. P. 26.

equal amount as liquidated damages." 29 U.S.C. § 216. However, under 29 U.S.C. § 260 of the Portal-to-Portal Pay Act, a court *may*, in its discretion, reduce or eliminate an award of liquidated damages if the employer shows that the "act or omission giving rise to [the FLSA] action was in good faith and that [the employer] had reasonable grounds for believing that [its] act or omission was not a violation of the [FLSA]." More specifically, under 29 C.F.R. § 790.22,

> (a). . . in any action brought under the [FLSA] to recover unpaid . . . overtime compensation . . . the court may, subject to prescribed conditions, in its sound discretion award no liquidated damages . . . (b) The conditions prescribed as prerequisites to such an exercise of discretion by the court are two: (1) The employers must show to the satisfaction of the court that the act or omission giving rise to such action was in good faith; and (2) he must show also, to the satisfaction of the court, that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act. If these conditions are met by the employer against whom the suit is brought, the court is permitted, but not required, in its sound discretion to reduce or eliminate the liquidated damages which would otherwise be required in any judgment against the employer.

As the above provisions suggest, the burden to convince the court of good faith and reasonable grounds is on the one seeking to avoid liquidated damages. Further, deciding to preclude liquidated damages is within the Court's complete discretion and requires the Court to be persuaded that the employer's violations of the FLSA were in good faith and supported by reasonable grounds.

A defendant seeking summary judgment on the issue of liquidated damages at this relatively early stage would certainly face an uphill battle. "Under the FLSA, there is a presumption in favor of liquidated damages against employers who violate the statute." *Rogers v. Savings First Mortgage, LLC*, 362 F.Supp. 2d 624, 637 (D. Md. 2005). The employer has the "plain and substantial burden" of persuading the Court that the "failure to obey the statute was both in good faith and predicated upon such reasonable grounds that it would be unfair to impose

upon him more than a compensatory verdict." *Mayhew v. Wells*, 125 F.3d 216, 220 (4th Cir. 1997) (citation and internal quotation marks omitted). "This burden is a difficult one to meet . . . and [d]ouble damages are the norm, single damages the exception." *Rogers*, 362 F.Supp. 2d at 638 (citation and internal quotation marks omitted).

Reliance on the advice of counsel in failing to obey the FLSA may nonetheless be sufficient to show good faith and reasonable grounds. For example, in *Perez v. Mountaire Farms, Inc.*, 650 F.3d 350, 375–86 (4th Cir. 2011), the Fourth Circuit found that the district court did not abuse its discretion in denying liquidated damages where the employer produced evidence of reliance on the advice of counsel—namely, fourteen letters from counsel advising how the company could alter or maintain its practices to remain compliant with the FLSA. *See also VanDyke v. Bluefield Gas Co.*, 210 F.2d 620, 622 (4th Cir. 1954) (finding that trial judge exercised sound discretion in awarding no liquidated damages upon determining that employer's failure to comply with the FLSA was in good faith and based upon reasonable grounds where the employer was advised by an attorney, an officer, and stockholder in the employer company that the employee was not covered by the FLSA). However, in *Rogers*, 362 F.Supp. 2d at 638–39, the district court rejected the employer's advice-of-counsel defense with regard to FLSA liquidated damages because, although the employer spoke with counsel, the employer did not have any specific conversations related to wage and hour matters with counsel and could not remember with whom he spoke.

In this case, liability has yet to be determined. It would be hasty and unreflective for the Court to take on the liquidated damages inquiry before deciding whether the employer violated the FLSA. Thus, Defendants' motion to limit damages is premature. *See Bruback v. City of Albuquerque*, 893 F.Supp. 2d 1216, 1237 (D. N.M. 2012) (denying defendant's motion for

summary judgment on liquidated damages because "a ruling as a matter of law on the question of liquidated damages [was] premature because there ha[d] been no determination of underlying FLSA liability against the [defendant]"); *Hunter v. Sprint Corp.*, 453 F.Supp. 2d 44, 62–63 (D. D.C. 2006) (denying defendant's motion for summary judgment on liquidated damages because "the question of [plaintiff's] entitlement to liquidated damages c[ould] hardly be resolved at th[at] time, when there ha[d] yet to be a determination of liability."). Additionally, the Court is permitting additional discovery on the advice-of-counsel defense, further demonstrating that Defendant's summary judgment motion regarding liquidated damages has not yet ripened.

## III. CONCLUSION

For the reasons explained, Defendants' combined Motion for Protective Order and, Additionally, Motion for Summary Judgment as to Nonrecoverability of Liquidated Damages, ECF No. 82, is DENIED.

October 1, 2014

GEORGE J. HAZEL
UNITED STATES DISTRICT JUDGE