IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **GREGORY RANDOLPH**, *et al.* | * |
| Plaintiffs, | * |
| v. | *  Case No.: GJH-13-1696 |
| **POWERCOMM CONSTRUCTION, INC.**, *et al.* | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

On August 21, 2015, in this Fair Labor Standards Act case alleging a failure to pay overtime wages, this Court issued a Memorandum Opinion and accompanying Order granting in part and denying in part both parties' motions for summary judgment. ECF No. 142. Defendants now ask the Court to reconsider the portion of its Memorandum Opinion denying Defendants' motion for summary judgment on the amount of overtime worked by Plaintiffs. A hearing on this motion is unnecessary. *See* Loc. R. 105.6 (Md.). For the reasons that follow, Defendants' Motion for Reconsideration is DENIED.

The Federal Rules of Civil Procedure do not explicitly provide for a motion for reconsideration. Courts considering such requests have additionally noted that it is "improper to use such a motion to 'ask the Court to rethink what the Court had already thought through – rightly or wrongly." *Potter v. Potter*, 199 F.R.D. 550, 552 (D. Md. 2001). Nonetheless, "courts have distilled various grounds for reconsideration of prior rulings into three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record and (3) [the] need to correct a clear error or prevent

1

manifest injustice." *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Ca. 1986), *rev'd on other grounds*, 828 F.2d 514 (9th Cir. 1987).

In its Memorandum Opinion, the Court found that genuine factual disputes existed regarding the hours worked by Plaintiffs despite timesheets provided by Defendants purporting to establish the hours worked. ECF No. 142 at 21. In distinguishing this case from a case cited by Defendants where summary judgment was granted to defendants based on their production of timesheets, the Court stated that "[h]ere, Plaintiffs question the authenticity and thoroughness of PowerComm's timesheets and have an arguable basis to do so." *Id.* at 20. Defendants in their Motion for Reconsideration contend that the records are complete and that any previous suggestion to the contrary was the result of the "difficulty of producing and collating the many thousands of pages of timesheets." ECF No. 149-1 at 2. Thus, Defendants' contend, "it works a manifest injustice for the Court to infer from this process . . . an infirmity of 'authenticity and thoroughness' on PowerComm's part." *Id.* The Court disagrees.

The Court's Memorandum Opinion addressed concerns with the timesheets in two separate sections: in its discussion of the applicable statute of limitations, ECF No. 142 at 13-15, and in regards to the amount of overtime worked by Plaintiffs, *id.* at 19-21. In short, the Court noted that the Defendants' 30(b)(6) witness "initially indicated that PowerComm was not required to keep records, it may have purged records, and that they were searching through boxes to see if they had any additional relevant material." *Id.* at 14. At a later deposition, the witness acknowledged that he was incorrect regarding which records had been maintained. *Id.* Based on this testimony, the Court concluded that these records may not have been "consistently and methodically kept, raising the possibility that they may be incomplete or inaccurate." *Id.* at 21. This is not, as Defendants suggest, an inference of lack of thoroughness based solely on a

rolling-discovery production. To the contrary, the Court found that because of the questions raised by their own witness about the completeness of the Defendants' timesheet records, and in light of the conflicting interrogatory answers provided by the Plaintiffs, the timesheets failed to "negate the reasonableness of the inference drawn from the employee's evidence." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946). On this basis, summary judgment on this issue was denied. The Court finds no reason to reconsider that determination.

Accordingly, it is, this 20th day of October 2015, by the United States District Court for the District of Maryland, hereby ORDERED that Defendant's Motion for Reconsideration (ECF No. 149) is DENIED.

GEORGE J. HAZEL
United States District Judge