**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

2016 OCT 31  P 3: 22

| | | |
|---|---|---|
| **GREGORY RANDOLPH,  *et al.,*  * | | |
| **Plaintiffs,** | * | |
| v. | | **Case No.: GJH-13-01696** |
| | * | |
| **POWERCOMM CONSTRUCTION, INC., *et al.,*** | | |
| | * | |
| **Defendants.** | | |
| | * | |

*   *   *   *   *   *   *   *   *   *   *   *   *

## MEMORANDUM OPINION

Presently pending before the Court is Plaintiffs' Motion for Attorney's Fees and Costs, ECF No. 167, and accompanying Memorandum of Points and Authorities ("Petition Memo"), ECF No. 168. No hearing is necessary. Local Rule 105.6 (D. Md. 2016). For the following reasons, Plaintiffs' Motion for Attorney's Fees and Costs will be granted, in part, and denied, in part. Plaintiffs shall submit a revised request for fees and costs based upon the Court's determinations set forth in this Opinion.

### I.    BACKGROUND

This case arose from a dispute over whether Defendants PowerComm Construction, Inc. and PowerComm's owner, David Kwasnik, Sr., paid Plaintiffs, who worked for Defendants as traffic controllers, the appropriate overtime wages. ECF No. 166 at 1.[1] The parties entered a settlement agreement on December 22, 2015, totaling $100,000.02. *Id.* at 7; ECF No. 156 at 9. Upon the parties' motion, this Court held a Fairness Hearing on February 18, 2016 to determine

---

[1] Page cites to documents filed on the Court's electronic filing system (CM/ECF) refer to page numbers generated by that system.

the fairness of the agreement. *See* ECF No. 166 at 1. The Court approved the settlement

agreement in a Memorandum Opinion dated April 28, 2016. *Id.* However, the parties were

unable to reach an agreement regarding the attorney's fees, and the Court directed Plaintiffs to

file a motion for attorney's fees within fourteen days. *Id.* at 9. Plaintiffs filed the instant Motion

for Attorney's Fees and Costs with an accompanying Memorandum, ECF Nos. 167 and 168, on

May 11, 2016, and Defendants filed their Response and Opposition Memorandum, ECF No. 170,

on May 27, 2016. Plaintiffs submitted a Supplemental Fee Petition and Reply, ECF No. 171, on

June 7, 2016, and Defendants filed an Opposition Memorandum, ECF No. 172, on June 23,

2016.

Plaintiffs request $227,577.50 in attorney's fees, representing 939.60 hours of work, and

$7916.02 in costs (totaling $235,493.52) in their initial Memorandum of Points and Authorities

in Support of Plaintiffs' Petition for Award of Attorneys' Fees and Costs, ECF No. 168 at 15, 21.

Plaintiffs request an additional $3,107.50 in fees to cover their work performed and costs

incurred since May 10, 2016, the day before their initial request, in their Supplemental Fee

Petition, ECF No. 171. Therefore, Plaintiffs now seek a total of $238,601.02. Plaintiffs submit

detailed time sheets, ECF No. 168-1; ECF No. 168-2, and aver that "The Employment Law

Group, P.C. . . . . cut any excessive or unnecessary work performed by the Employment Law

Group, P.C., as well as any other billable time in other circumstances where it deemed it

necessary to cut." ECF No. 168 at 14.

In response, Defendants have contested, on various grounds, the hourly rates and number

of hours used in Plaintiffs' calculations. Defendants also disagree with Plaintiffs'

characterization of the "results obtained." Additionally, Defendants claim that Plaintiffs

"breach[ed] the confidentiality of settlement discussions and correspondence in [their] petition,"

2

and plead the Court to "fully consider this conduct when assessing plaintiffs' counsel's fees."

ECF No. 170 at 1, 4.  Defendants therefore request that the Court "recalculate the amount of fees

based on the appropriate hourly rates," "subtract[] improper and/or not compensable items from

plaintiffs counsel's hours and costs," and "reduc[e] the fees related to both the unsuccessful

claims and the minimal amount recovered." *Id.* at 21.

## II.    DISCUSSION

### A.  Legal Standard

The payment of attorney's fees and costs to employees who prevail on FLSA claims is

mandatory, 29 U.S.C. § 216(b), while the amount awarded is within the sound discretion of the

trial court. *Burnley v. Short*, 730 F.2d 136, 141 (4th Cir. 1984). To recover attorney's fees and

costs, a plaintiff must be a "prevailing party," a threshold question for which the Court accords a

generous formulation. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A plaintiff is a

"prevailing party" for the purpose of attorney's fees if the plaintiff succeeds "on any significant

issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Id.*

Plaintiffs here obtained payment following the parties' settlement agreement, which was

affirmed by this Court, and is therefore a "prevailing party" entitled to attorney's fees. *See*

*Nelson v. A&H Motors, Inc.*, Civil No. JKS 12-2288, 2013 WL 388991, at \*1 (D. Md. Jan. 30,

2013). This contention is not disputed by the parties.

Having determined that the Plaintiffs are entitled to attorney's fees in this case, the Court

must now determine what fee is "reasonable." *Hensley*, 461 U.S. at 433 (1983). The most useful

starting point for establishing the proper amount of an award is the "lodestar," or "the number of

hours reasonably expended, multiplied by a reasonable hourly rate." *Id.*; *see also Rum Creek*

*Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 174 (4th Cir. 1994). The court must adjust the number

of hours to delete duplicative or unrelated hours, and the number of hours must be reasonable and represent the product of "billing judgment." *Id.* at 175 (citing *Hensley*, 461 U.S. at 437). To determine the reasonableness of the lodestar and necessary adjustments, the court may also consider the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 717–19 (5th Cir. 1974), specifically:

> (1) The time and labor required; (2) The novelty and difficulty of the questions raised; (3) The skill requisite to perform the legal services properly; (4) The preclusion of employment by the attorney due to acceptance of the case; (5) The customary fee; (6) Whether the fee is fixed or contingent; (7) Time limitations imposed by the client or the circumstances; (8) The amount involved and the results obtained; (9) The experience, reputation, and ability of the attorneys; (10) The undesirability of the case; (11) The nature and length of the professional relationship between the attorney and the client; and (12) Attorney's fee awards in similar cases.

*Id.* The party seeking an award of attorney's fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437. The party challenging the requested award "bears the burden of explaining its objections with sufficient detail and specific reference to the plaintiff's time records to allow the court to evaluate those challenges without itself pouring over the time records searching for unnecessary charges." *Nelson v. A&H Motors, Inc.*, Civil No. JKS 12-2288, 2013 WL 388991, at *3 (D. Md. Jan. 30, 2013) (citing *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

### B. Reasonable Rate

In determining whether counsel's hourly rates are reasonable, the court must consider whether "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 890 n. 11 (1984). The court may rely on "affidavits from other attorneys attesting to the reasonableness of the hourly rates," and also the court's "knowledge of the

4

market." *Beyond Sys., Inc. v. World Ave. USA, LLC*, No. PJM-08-921, 2011 WL 3419565 at \*3

(D.Md. 2011). In this District, the Court's "market knowledge" is reflected in Appendix B of the

U.S. District Court of Maryland Local Rules, which provides Guidelines Regarding Hourly

Rates based upon length of professional experience, as follows:

> (a) Lawyers admitted to the bar for less than five (5) years: $150-225.

> (b) Lawyers admitted to the bar for five (5) to eight (8) years: $165-300.

> (c) Lawyers admitted to the bar for nine (9) to fourteen (14) years: $225-350.

> (d) Lawyers admitted to the bar for fifteen (15) to nineteen (19) years: $275-425.

> (e) Lawyers admitted to the bar for twenty (20) years or more: $300-475.

> (f) Paralegals and law clerks: $95-150.

Loc. R. app. B(3) (D. Md. July 1, 2016).[2] Plaintiffs ask the Court to award their attorneys' fees at

the top end of the Guidelines in each respective category: $475.00 per hour for Nicholas

Woodfield, $425.00 per hour for R. Scott Oswald, $225.00 per hour for associate time, and

$150.00 per hour for law clerk time. ECF No. 168 at 11. Plaintiffs' requests are based on the fact

that Mr. Woodfield has been a member of the bar since September 1995 (twenty years of

practice as of September 2015), Mr. Oswald since October 1997 (15-19 years of practice at all

times relevant to the action), Associate Andrea Downing since April 2010 (less than five years of

---

[2] The Court adopted these rates in July 2014. Prior to July 2014 and at all times relevant to this action, the rates were as follows: (a) Lawyers admitted to the bar for less than five (5) years: $150-190. (b) Lawyers admitted to the bar for five (5) to eight (8) years: $165-250. (c) Lawyers admitted to the bar for nine (9) to fourteen (14) years: $225-300. (d) Lawyers admitted to the bar for fifteen (15) years or more: $275-400. (e) Paralegals and law clerks: $95-115. *See* Loc. R., app. B(3) (D. Md. February 1, 2013). While some work on this case was performed prior to July 2014, footnote 6 to Appendix B notes that, "One factor that might support an adjustment to the applicable range is an increase in the cost of legal services since the adoption of the guidelines." *Id.* n 6. Therefore, the Court will apply post-July 2014 Local Guidelines rates to all entries in this case.

practice before April 2015), and Associates Andrew Witko since October 2014 and Kenneth

Bledsoe since December 2014 (less than five years at all times relevant to the action). Plaintiffs

also attach the Declaration of Nicholas Woodfield, ECF No. 168-3, the Declaration of Brian

Markovitz in Support of Plaintiffs' Petition for Award of Attorney's Fees and Costs, ECF No.

168-4,[3] and a Memorandum Opinion from the Circuit Court for Montgomery County, Maryland,

*Balderrama v. Lockheed Martin, Inc.*, Case No. 390843-V (Cir. Ct. Mont Co., Md. June 18,

2015), in which the Employment Law Group received a favorable judgment and award of

attorney's fees.[4] While Plaintiffs seem to propose rates based upon other metrics, such as the

*Laffey* matrix[5] and prevailing rates in the Washington, D.C. metropolitan area, Plaintiffs billed

their time following the Guidelines from the Local Rules, and the Court finds no reason to

deviate from the Guidelines here. *See Kabore*, 2012 WL 5077636 at \*9 (declining to use other

metrics such as *Laffey* and applying Guidelines from the Local Rules).

Plaintiffs also provide detailed information about Mr. Woodfield and Mr. Oswald's

professional acumen. Mr. Woodfield, a principal at the Employment Law Group, has practiced in

---

[3] In his Declaration, Mr. Markovitz, a partner at Joseph, Greenwald & Laake, P.A., a Greenbelt, Maryland-based litigation law firm, and a member of the Metropolitan Washington Employment Lawyers Association (MWELA), states his opinion that the rates billed by the Employment Law Group in this case, in accordance with the Local Guidelines, were "extremely reasonable and consistent with reasonable prevailing market rates." Markovitz Decl., ECF No. 168-4 ¶ 12.

[4] The Circuit Court for Montgomery County found that rates upwards of \$600 per hour for partners and \$500 per hour for associates were reasonable and approved similar rates for Woodfield and Oswald; however, the Court made clear that this was based upon "the relevant legal community" being "the Washington D.C. metropolitan area, which includes northern Virginia, Washington D.C., and Montgomery County." *Balderrama*, at 13-14. This Court is not bound by the decision in *Balderrama*, as held previously in *Sipe v. Project Execution and Control Consulting*, Civil Action No.: CBD-12-1579, 2016 WL 893687, at \*5 (D. Md. March 8, 2016),

[5] The *Laffey* matrix is primarily used by the U.S. Attorney's Office to calculate rates for attorneys practicing in Washington, DC. *See Kabore v. Anchor Staffing, Inc.*, Civil Case No. L-10-3204, 2012 WL 5077636, at \*9 (D. Md. Oct. 17, 2012); ECF No. 168 at 11. In Mr. Woodfield's declaration, Mr. Woodfield states that "Mr. Oswald and I customarily charge *Laffey* rates for our time and in every circumstance possible . . . However, because this matter was filed in the District of Maryland, we have billed my time under the Local Rules' Guidelines Regarding Hourly Rates . . ." Woodfield Decl., ECF No. 168-3 ¶ 17. Further, in *Kabore*, this Court noted that the *Laffey* matrix was not relevant to a dispute for attorney's fees involving Mr. Woodfield and Mr. Oswald, in part because there was no evidence that the *Laffey* matrix was a reliable indicator for legal communities outside Washington D.C. *See* 2012 WL 5077636 at \*9. Accordingly, the Court here declines to use the *Laffey* matrix in place of the rates set forth in the Local Guidelines.

the field of state and federal litigation since 1996, focusing his practice primarily on Fair Labor

Standards Act claims. *See* Woodfield Decl., ECF No. 168-3 ¶¶ 2, 4. He has secured numerous

favorable verdicts and summary judgments on behalf of his clients. *Id.* at 4. Mr. Oswald, also a

principal at the Employment Law Group, has been admitted to practice since 1997. *Id.* at 6. He is

the President Elect of the Metropolitan Washington Employment Lawyers Association, and has

also secured numerous favorable judgments on behalf of his clients. *Id.* Additionally, Plaintiffs

provide detailed information about the relevant experience of their associate attorneys. *Id.* at 4–5.

 The majority of the work on this case was performed in 2013, 2014, 2015, and 2016, as

noted on Plaintiffs' time sheets. *See* ECF No. 168-1. Work on this case began in April 2013 and

has lasted until the present time. *Id.* However, it appears that Plaintiffs' counsel has billed all of

their time on this case by current rates and the top end of the guidelines. As Defendants point

out, "for more than two years of billings, 2013 to the end of August 2015, Woodfield should

have been billing at most, $425 (not $475) since the range was $275-425." ECF No. 170 at 13.

While discretionary, another judge on this court has previously applied the hourly rate based on

when counsel actually performed the work, rather than applying the current rate to all hours of

work performed in a case. *See Flores v. Hoge*, Civil Action No. DKC 15-1988, 2016 WL

2924918 at *5 (May 19, 2016, D. Md. 2016) (determining hourly rate by noting that "when

performing the work on this case, the attorneys had been admitted to the bar for approximately

six years."). The Court agrees with Defendants' argument here that Mr. Woodfield should have

been billing at $425 per hour prior to September 2015, because he did not yet have twenty years

of experience. While providing for attorney's fees under the FLSA acts to further the important

purposes of the statute, *see Amaya v. Young & Chang*, Civil Case No. PWG-14-749, 2014 WL

3671569, at *4 (D. Md. July 22, 2014), "[a]n award of attorney's fees is not designed to provide

Plaintiffs' attorney with a windfall." *Almendarez v. J.T.T. Enterprises Corp.*, Civil No. JKS 06-68, 2010 WL 3385362 at *4 (D. Md. Aug. 25, 2010).

It is also worth noting that there are two recent decisions from other judges in this jurisdiction awarding attorney's fees to Mr. Woodfield and Mr. Oswald. In *Manna v. Johnny's Pizza, Inc.*, No. CCB-13-721, 2014 WL 794357, at *3 (D. Md. Feb. 24, 2014), Judge Blake applied a rate of $400 for Mr. Woodfield, $350 for Mr. Oswald, $150 for a two-year associate attorney, and $115.00 for law clerks and assistants. *Id.* (reducing Oswald's fee to $350 from Plaintiffs' requested $400 because Oswald had fewer years of experience than Woodfield). Two years earlier in *Kabore v. Anchor Staffing, Inc.*, No. BEL-10-3204, 2012 WL 5077636, *10 (D. Md. Oct. 17, 2012), Judge Legg awarded a rate of $400 for Mr. Woodfield, $300 for Mr. Oswald, and $150 for an associate attorney.

Here, it would be reasonable to apply an hourly rate of $475 for Mr. Woodfield after September 2015, but the Court will limit the rate to $425 per hour prior to September 2015, based on his requisite level of experience. Given Judge Chasanow's decision just two years ago to apply a rate of $400 for Mr. Woodfield, nothing here warrants an increase to $475 for that same time frame, prior to his twentieth year of practice. *See Flores v. Hoge*, 2016 WL 2924918 at *5 ("Last year, Mr. Zelikovitz was awarded an hourly rate of $225 performed in an FLSA case. This case presents no particularly complicated issues that warrant such a sharply increased rate from one year to the next. Accordingly, a rate of $250 is reasonable."). The Court therefore applies an hourly rate of $425 for Mr. Woodfield between the commencement of the case and September 2015, and $475 between September 2015 and the present.

The Court will apply an hourly rate of $400 for Mr. Oswald throughout the entire case, as he has fewer years of experience than Mr. Woodfield, and was awarded an hourly rate of $350

8

by this Court just two years ago. *Kabore*, 2012 WL 5077636 at \*3. Likewise, the Court will apply an hourly rate of $200 for Plaintiffs' associate attorneys, as a second-year associate in the *Kabore* case was awarded a rate of $150 just two years ago. *Id.* The Court accepts Plaintiffs' proposed rate of $150 for law clerks, Nicole Raviele and Lauren Galloway, as reasonable. Plaintiffs shall submit a revised fee request, recalculating the entries of Mr. Woodfield based upon the hourly rate of $425 for hours worked prior to September 2015 and $475 for hours worked after September 2015, $400 for all entries performed by Mr. Oswald, and $200 for all entries performed by Andrea Downing, Kenneth Bledsoe, and Andrew Witko.

## C. Reasonable Hours

### 1. Excessive Hours

Defendants contest the number of hours expended on particular tasks. Defendants disagree, for example, that spending 11.7 hours drafting a complaint, 23.5 hours preparing for and reading defendants' 30(b)(6) deposition, and 54.9 hours drafting plaintiffs' discovery responses was reasonable. ECF No. 170 at 7–8. After reviewing Plaintiffs' detailed time sheets documenting these tasks, the Court first notes that Plaintiffs' counsel sufficiently documented the individual biller, specific description of each task, and time allotted. *See Kabore v. Anchor Staffing, Inc.*, No. 10-3204, 2012 WL 5077636, at \*2 (D. Md. Oct. 17, 2012) (noting that Plaintiffs' counsel, from the Employment Law Group, by "submitt[ing] a 37-page spreadsheet containing detailed, contemporaneous records of the hours expended by various individuals on the case . . . sufficiently provided the details necessary to justify an award of attorney's fees."). Given the large number of plaintiffs and protracted litigation in this case, the Court does not find these hours expended to be unreasonable. *See Randolph v. PowerComm Construction, Inc.*, GJH-13-1696 at 3, 6 (D. Md. Apr. 16, 2016) (noting "[s]ince [certification], more than fifty plaintiffs

9

have opted-in to the collective action" and "the parties have engaged in lengthy, and at times, contentious litigation for more than two years"). Accordingly, the Court will not deduct hours or payment for these tasks.

### 2. Case Evaluation

Defendants also object to the compensability of "case evaluation," or time entries made before Plaintiffs' counsel had been retained. ECF No. 170 at 8. In particular, Defendants contest 16.0 hours billed before Plaintiffs' counsel held their "transition meeting." *Id.* at 8–9. In *Kabore*, the court noted that "[a]s a general matter, counsel may not receive fees for work that could not be charged to a private client," and declined to award attorney's fees to the Employment Law Group before they had been retained, i.e. before a "case transition meeting" was held. 2012 WL 5077636, at *3 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Here, as in *Kabore*, Plaintiffs did not rebut Defendants' argument in their Supplemental Fee Petition and Reply, ECF No. 171, nor did they proffer "that the work in these entries was done before Plaintiffs' counsel was retained." *Id.* at *4. Therefore, the Court will deduct those 16.0 hours.

### 3. Clerical Items

Defendants object to the payment for "clerical items" and point to nearly a hundred individual entries in Plaintiffs' time sheets totaling 43.6 hours. "Although certain types of work may fall into a gray area between legal and secretarial work, other types are clearly administrative or secretarial. The latter may not be awarded as attorneys' fees." *Kabore*, 2012 WL 5077636, at *4. The Court has reviewed the entries cited by Defendants, and agrees that the majority of these entries constitute "clearly administrative" work. For example, Plaintiffs' counsel bill numerous times for "download[ing], sav[ing], and circulat[ing]" various electronic files by Associates Kenny Bledsoe and Law Clerk Nicole Raviele. *See, e.g.*, ECF No. 168-1 at

10

Nos. 18, 590, 600, 596, 882.[6] In *Kabore*, the court found that "reviewing, downloading, and circulating a paperless order" was "unreasonable" to recover as attorney's fees. Additionally, this Court concurs that entries such as "[s]tuffed, stamped, and printed 55 mailings to clients" for 2.20 hours, *id.* at No. 1445, "[c]alendared meeting with NWW re MSJ and Discovery" for 0.10 hours, *id.* at No. 1217, and "[s]canned 7 verification forms from opt-ins" for 0.20 hours, *id.* at No. 791, are "clearly administrative." A few entries, however, are not clearly administrative. For example, "[r]ead Response to D's motion to stay discovery and downloaded filing and saved" for 0.40 hours, *id.* at No. 1235, "appears to fall within a gray area." *Kabore*, 2012 WL 5077636, at *4. Plaintiffs have not presented any argument to the contrary as to these entries in their Reply, ECF No. 171. Therefore, the Court will deduct 90% of the requested reductions here, as in *Kabore*, or 39.24 hours.

### 4. *Duplicative Fees*

Defendants argue that compensating multiple lawyers attending the same hearing constitutes "duplicative billing." ECF No. 170 at 10. Specifically, they contend "Plaintiffs' counsel triple billed for the August 12, 2014, hearing." *Id.* The Court agrees. In *Sipe v. Project Execution and Control Consulting*, Civil Action No.: CBD-12-1579, 2016 WL 893687, at *4 (D. Md. March 8, 2016), this Court held that "Plaintiff cannot recover fees for multiple attorneys attending a single deposition, hearing, and intra-office conference." Under Local Rules Appendix B, Rule 2(b), "[o]nly one lawyer for each separately represented party shall be compensated for attending depositions." *Id.* (citing Loc. R. app. B(2)(d) (D. Md. 2016)). Accordingly, just as in *Sipe*, the Court "will allow compensation only for the most senior lawyer who attended the deposition." This leads to a deduction of 8.2 hours. Defendants also point out that in two

---

[6] Numbered citations here refer to specific entries in Plaintiffs' timesheets, ECF No. 168-1 and ECF No. 168-2.

instances, two billings are identical to one another. Nos. 633 and 634; Nos. 113 and 114. The Court has reviewed the disputed entries, and agrees that those 0.6 hours must be stricken.

### 5. Supplemental Fees

Defendants object that the supplemental costs of filing the fee petition, as requested in Plaintiffs' supplemental fee petition are not compensable. ECF No. 172 at 1–2. While it is true that a "request for attorneys' fees should not result in a second major litigation," *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002) (quoting *Hensley*, 461 U.S. at 433), "counsel are entitled to receive reasonable attorneys' fees for work related to a fee petition." *Kabore*, 2012 WL 5077636, at *6. Indeed, Appendix B of the Local Rules provides for reasonable attorney's fees for "fee petition preparation." Loc. R. app. B(1)(b)(x). Accordingly, the Court will grant attorney's fees for preparing the fee petition.

### 6. Private Investigator Fees

Next, defendants contest the payment of "private investigator fees." ECF No. 170 at 11. The Court agrees with Defendants' arguments on this point. "Given the broad discovery tools available in civil litigation, the need for an investigator is highly questionable and in this Court's experience has not been sought by a civil litigant in a fee petition." *Jackson v. Estelle Place, LLC*, No. 1:08cv984, 2009 WL 1321506, at *3 n. 1 (E.D. Va. May 8, 2009), *affirmed*, 391 Fed. Appx. 239 (4th Cir. 2010); *see also Assoc. Gen. Contractors of America v. Stokes*, Civil Action No. 1:11cv795 (GBL/TRJ), 2012 WL 7782745, at *11 (E.D. Va. Nov. 20, 2012) (noting that charges for private investigators have been "routinely disallowed in the Fourth Circuit"). Here, Plaintiffs argue that a private investigator was needed "to respond to defendants' reckless and overly aggressive litigation strategies." ECF No. 171 at 5. While the litigation was "fiercely contested," the Court does not agree Defendants' strategy justifies payment for a private

12

investigator. ECF No. 166 at 7. Therefore, the Court will subtract those 161.1 hours or $24,167.00 for the private investigation fees.

### D. Degree of Success

In general, after calculating the lodestar, the court should subtract fees for hours spent on unsuccessful claims unrelated to successful ones. *See Grissom v. The Mills Corp.*, 549 F.3d 313, 321 (4th Cir. 2008) (citing *Johnson v. City of Aiken*, 278 F.3d 333, 337 (4th Cir. 2002)). Defendants argue that because ten out of 65 plaintiffs were eventually dismissed on summary judgment, the Court should reduce the attorney's fees proportionally. ECF No. 170 at 14–15 (citing *Grissom*). Defendants point to *Chapman v. Ourisman Chevrolet Co., Inc.*, Civil Action No. AW-08-2545, 2011 WL 2651867, at *17–18 (D. Md. July 1, 2011), in which the court awarded a proportional amount of attorney's fees where only two of the fourteen plaintiffs were successful. Defendants' arguments are unavailing. First, the *Grissom* case, on its face, applies to unsuccessful claims, and not to unsuccessful parties. Second, even if the principle did apply to unsuccessful parties, "[w]here a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983). When claims involve a "common core of facts," "much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Andrade*, 852 F. Supp. 2d at 640 (citing *Brodziak v. Runyon*, 145 F.3d 194, 197 (4th Cir. 1998)). Third, in *Chapman*, as Defendants themselves cite, "Plaintiffs only obtained a marginal amount of the damages sought." Here, while ten out of 65 plaintiffs were dismissed on summary judgment, the overall recovery of $100,000.02 "represents thirty-eight percent of their claimed damages that fall within the statute of limitations." ECF No. 166 at 7.

13

Unsurprisingly, Defendants and Plaintiffs have drastically different views on how Plaintiffs' level of success should be characterized. Courts appear to have taken differing approaches on quantifying "success." In *Alford v. Martin & Gass, Inc.*, No. 1:08cv595 (LMB/TRJ), 2009 WL 2447936, at *3 (E.D. Va. Aug. 3, 2009), the court noted in its discussion of the *Johnson* factors, "[plaintiff's] recovery was significantly more than the defendants' initial settlement offer and exceeded their final settlement offers. . . this factor weighs heavily in plaintiff's favor." *Id.* In *Chapman*, by contrast, the court found it reasonable to reduce the award of attorney's fees when "Plaintiffs only obtained a marginal amount of the damages sought." *Chapman v. Ourisman Chevrolet Co., Inc.*, Civil Action No. AW-08-2545, 2011 WL 2651867, at *18 (D. Md. July 1, 2011).

In making its determination, the Court notes that while "the degree of success obtained by the plaintiff is the most critical factor in determining the reasonableness of a fee award," *Hensley*, 461 U.S. at 436–37, the Court does "not reflexively reduce fee awards whenever damages fail to meet a plaintiff's expectations in proportion to the damages' shortfall." *Id.* at *17 (quoting *Nigh v. Koons Buick Pontiac GMC, Inc.*, 478 F.3d 183, 190 (4th Cir. 2007)). Further, the Court does not wish to disincentivize plaintiffs' counsel from reaching reasonable settlements by reducing their attorney's fees awards in cases of more moderate amounts. While Plaintiffs here did not ultimately recover the damages sought at the beginning of litigation, their final award was successful. Accordingly, the Court will not reduce attorney's fees here on the basis of results obtained.

### E. Propriety of Disclosing the Settlement Negotiations

Defendants object to Plaintiffs' reference to the settlement discussions in Plaintiffs' Petition Memo. ECF No. 170 at 1, 2 n. 1 ("In a stunning violation of Fourth Circuit law, the

14

Local Rules, and the Federal Rules of Evidence, plaintiffs' counsel repeatedly breaches the confidentiality of settlement discussions," and "the Court should take this blatant violation fully into account as it makes other determinations."). Defendants cite to Local Rule 607.4, which states in relevant part:

> The Court's ADR process is confidential. Unless otherwise agreed by the parties and the Court, no disclosure shall be made to anyone, including the judicial officer to whom the case is assigned, of any dispute resolution communication that in any respect reveals the dispute resolution positions of the parties or advice or opinions of neutrals. No such communication shall be admissible in any subsequent proceeding *except as permitted by the Federal Rules of Evidence.*

Local Rule 607.4 (D. Md. 2016) (emphasis added). Federal Rule of Evidence 408(a) provides that offers to compromise or statements made during compromise negotiations are "not admissible . . . either to prove or disprove the validity or amount of a disputed claim." Fed. R. Evid. 408(a). However, several courts have squarely held that Federal Rule of Evidence 408 does not bar consideration of settlement discussions when determining attorney's fees. *EMI Catalogue Partnership v. CBS/Fox Co.*, No. 86 Civ. 1149 (PKL), 1996 WL 28813, at *2 (S.D.N.Y. May 24, 1996); *Smith v. Borough of Dunmore*, No. CIV A 3:05-CV-1343, 2008 WL 4542246, at *11 (M.D. Pa. Oct. 9, 2008). Moreover, the Third, Seventh, and Ninth Circuits have held that district courts properly considered settlement negotiations when deciding fee petitions. *Smith v. Borough of Dunmore*, 633 F.3d 176 (3d Cir. 2011); *Moriarty v. Svec*, 2333 F.3d 955 (7th Cir. 2000); *A.D. v. Cal. Highway Patrol*, 712 F.3d 446 (9th Cir. 2013). Even assuming that Plaintiffs' reference to the settlement discussions in their Petition was improper, there is no prejudice to the Defendants, as judgment in this case has already been rendered. Therefore, the Court declines to levy any deduction based on these references.

15

### F.  Costs

Finally, Defendants object to a number of Plaintiffs' costs. Specifically, Defendants contest private investigator costs and online research where "the nature of the search was not specified." ECF No. 170 at 20. The Court agrees based on its foregoing analysis that private investigator costs, just as private investigator fees, are not compensable and should be deducted accordingly. As to the online research, Defendants cite *Manna v. Johnny's Pizza, Inc.*, No. 13-721, 2014 WL 794357, at *8 (D. Md. Feb. 24, 2014) (not awarding for legal research when it was "not clear what research plaintiffs' counsel conducted). The Court does not find the same deficiencies here. First and foremost, Plaintiffs' cost entries, ECF No. 168-2, which are separated from their fee entries, ECF No. 168-1, reference "Online Research" as unspecified, presumably, because the cost entries are merely subscription payments to "West Payment Center" for Westlaw research. *See, e.g.* ECF No. 168-2 at Nos. 8, 20, 25, 32. Moreover, where time *was* spent researching, Plaintiffs' fee entries, ECF No. 168-1, *do* specify what was researched. *See, e.g.*, Nos. 592 ("Researched DMD electronic filing procedures for information on issuance of summons"); 945 ("Researched additional legal authority re standards governing party-to-party communication and sanctions where standards have been violated."). Therefore, the Court will not deduct for online research costs.

### III.  CONCLUSION

Accordingly, for the reasons stated above, Plaintiffs' Motion for Attorney's Fees and Costs, ECF No. 167, is granted, in part, and denied, in part. Plaintiffs shall submit a revised request for attorney's fees and costs, applying the hourly rates set forth above, and making the

appropriate deductions of hours as specified in this Opinion. A separate Order shall issue.

Date: October 31, 2016

George J. Hazel
United States District Judge